# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| HOWARD A. SMITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NAVY FEDERAL CREDIT UNION, )<br>)<br>Defendant. )<br>) | Civil Action No. 1:14-cv-1304 |

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Navy Federal Credit Union's Motion to Dismiss the Complaint (Dkt. No. 8). Pro se Plaintiff Howard Smith has filed his response, to which Defendant replied. For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

### I. Background

In October 2008, Smith entered into a loan agreement with Navy Federal Credit Union ("Navy FCU") for a property located in Naperville, Illinois. His monthly mortgage payment is $2,151.29. Smith was called into active duty with the U.S. Navy on October 11, 2011 and has remained on active duty ever since. From December 2011 to August 2014, Smith was stationed at the Naval Station Great Lakes, which was an hour's drive from his Naperville residence.

In August 2014, Smith was ordered to execute a Permanent Change of Station ("PCS") to the Washington Navy Yard in DC. He listed the Illinois home for sale and moved to Reston, Virginia on September 1, 2014. The monthly rent for the new family home, which he occupies with his wife and two daughters, is $3,000, bringing his monthly obligations for housing to $5,151.29. In September, Smith sent a letter to Navy FCU explaining "his ability to pay the mortgage was impacted because of his military service pursuant to [SCRA] § 533." Compl. ¶

32. He enclosed a copy of his PCS orders and requested Navy FCU to suspend all payments for a period of nine months and asked them to reduce the interest rate to 0%.

Shortly thereafter, Smith received a phone call from a Navy FCU representative asking him to provide a copy of his initial orders calling him to active duty, which he did. A week later, Navy FCU responded that they were "unable to process [the] request for relief under the SCRA [because t]he documentation submitted does not meet the SCRA requirements for protection." *Id.* at ¶¶ 43–44.

Smith has requested the Court to enter anticipatory relief under SCRA § 591. He specifically asks that his interest rate be reduced to 0%, and that his Navy FCU mortgage payments be suspended for nine months, or until the home is sold, whichever comes sooner.

## II. Legal Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). In reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept as true all well-pleaded allegations and read the factual allegations in the light most favorable to Smith. *Id.* To survive the motion, the complaint "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must not only allege but also "show" Smith is entitled to relief. *Iqbal*, 556 U.S. at 679.

## III. Analysis

Navy FCU has moved to dismiss Smith's complaint for failure to state a claim upon which relief may be granted. As Smith is proceeding pro se, Navy FCU concedes that his complaint must be construed liberally.

### A. Section 597a of the SCRA Is Jurisdictional.

Navy FCU has moved to dismiss Smith's § 597a claim stating that he has not alleged that Navy FCU "violated the SCRA in any manner . . . ." Navy FCU Mem. Supp. Mot. Dismiss ("Navy FCU Mem.") at 6. Smith states that he cited to § 597a to establish the Court's jurisdiction over the matter "out of an abundance of caution." Smith Mem. Opp'n Mot. Dismiss ("Smith Opp'n"); Compl. ¶ 2. He has otherwise not responded to Navy FCU's assertion that he has not stated a claim under § 597a.

Section 597a establishes a private right of action, allowing "[a]ny person aggrieved by a violation of this Act . . . [to] obtain any appropriate equitable or declaratory relief . . . ." 50 U.S.C. app. § 597a. The Fourth Circuit has held it to be a jurisdictional provision. *Gordon v. Pete's Auto Serv. of Denbigh, Inc.*, 637 F.3d 454, 461 (4th Cir. 2011). The substantive provision under which Smith seeks relief, § 591, is discussed below. Notably, some federal courts, including this one, have allowed a servicemember to seek relief under § 591 via a civil suit against the mortgage lender. *See Newton v. Bank of McKenney*, 2012 WL 1752407, at *10 (E.D. Va. May 16, 2012) (allowing § 591 claim against mortgage lender to go to trial); *Santana-Archivald v. Banco Popular de Puerto Rico*, 2012 WL 2359432, at *2-3 (D.P.R. June 19, 2012) (denying motion to dismiss § 591 claim against mortgage lender).

### B. Smith May Be Entitled to Relief Under Section 591 of the SCRA After a Hearing.

Navy FCU has moved to dismiss Smith's claim under § 591 of the SCRA stating that he has not alleged sufficient facts to demonstrate he is entitled to relief, and that the relief he seeks "exceeds the Court's authority under § 591." Navy FCU Mem. at 6–7. Smith admits that "there is little case law on this issue." Smith Opp'n at 6. He has requested an evidentiary hearing, which some courts have granted in the past for § 591 cases.

Section 591 of the SCRA provides that a "servicemember may, during military service... apply to a court for relief—(1) from any obligation or liability incurred by the servicemember before the servicemember's military service." 50 U.S.C. app. § 591(a). The statute allows the Court to grant a stay of the enforcement of a real estate contract "after appropriate notice and *hearing*" if the servicemember's ability to comply with the terms of the obligation "has been materially affected by reason of military service." *Id.* § 591(b) (emphasis added). The Supreme Court has instructed that the SCRA "is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation." *Boone v. Lightner*, 319 U.S. 561, 575 (1943) (interpreting predecessor statute to SCRA, the Soldiers' and Sailors' Civil Relief Act).

There is indeed very little caselaw on this provision of the SCRA. *See Newton*, 2012 WL 1752407, at *10 (E.D. Va. May 16, 2012) (denying summary judgment on § 591 claim in part because the "SCRA offers little guidance as to what evidence supports equitable relief and what legal standard governs the granting of such relief"). Courts that have addressed the issue have required plaintiffs to set forth factual allegations that "establish a change in circumstances by reason of his induction which will interfere or has interfered, with his ability to comply with the terms of the obligation." *In re Marks*, 46 N.Y.S.2d 755, 757–61 (Sup. Ct. 1944) (staying monthly mortgage principal payments as well as monthly interest charges under predecessor to § 591); *see also Banaszak v. CitiMortgage, Inc.*, 2014 WL 4489497, at *6 (E.D. Mich. Sept. 10, 2014) (holding plaintiff had adequately pleaded § 591 claim).

Some courts have denied motions to dismiss a § 591 claim in order to afford the plaintiff a statutorily required hearing in which to establish that his or her ability to comply with the mortgage obligation had been materially affected by reason of military service. *Carroll v. Homecomings Fin. Network*, 294 F. App'x 945, 946 (5th Cir. 2008) (holding plaintiffs seeking

relief under § 591 are "entitled to one noticed hearing to show that her ability to meet her obligations 'has been materially affected by reason of military service'"); *Santana-Archivald*, 2012 WL 2359432, at *2-3 (same). At least one court has held that a complaint states a plausible claim for § 591 relief if it alleges "1) the debt was incurred prior to entry into active service, and that 2) the creditor is given written notice and a copy of the military orders calling the servicemember into active duty within 180 days of the servicemember's release from service." *Santana-Archivald*, 2012 WL 2359432, at *2.

Here, Smith alleges that "his ability to pay the mortgage was impacted because of his military service . . . ." Compl. ¶ 32. Pursuant to *Santana-Archibald*, Smith has satisfied the pre-hearing pleading requirements by stating: (1) that he incurred the mortgage obligation on October 30, 2008, prior to his entry into active service on October 11, 2011, *id.* ¶¶ 5, 12; and (2) that he gave Navy FCU notice and a copy of his military orders. *Id.* ¶¶ 32, 35, 41. He also alleges that his monthly mortgage payment with Navy FCU is $2,151.29 and that, by reason of his transfer to Washington, DC, he has incurred an additional housing obligation of $3,000 in rent. *Id.* ¶¶ 8, 21–23, 29. Under the persuasive rationale of *Santana-Archibald*, Smith has sufficiently pled a claim for relief under § 591.

Although Smith alleges he must pay $3,000 rent plus a mortgage due to the PCS transfer, this allegation may not be sufficient to meet the statutory requirement for relief—that is, that his ability to comply with the mortgage's terms has been materially affected. By statute, however, Smith is entitled to at least one evidentiary hearing on this issue.

Smith has requested a stay of his mortgage payments as well as a reduction in the mortgage's interest rate to 0%. *Id.* at 5. Although § 591 authorizes a stay of the enforcement of a mortgage obligation—i.e. to suspend payments—nowhere does it authorize a reduction in the

interest rate to 0%. *See* 50 U.S.C. app. § 591. Section 527 of the SCRA limits a servicemember's interest rate on obligations to 6% "during the period of military service and one year thereafter . . . ." 50 U.S.C. app. § 527. The Court will thus not entertain Smith's request for a reduction in his mortgage interest rate to 0%.

## IV. Conclusion

For the foregoing reasons, the Court finds that Smith has alleged sufficient facts to state a claim for relief under § 591 of the SCRA. He must still, however, demonstrate that his ability to pay the Navy FCU mortgage has been "materially affected by reason of military service," and will be given the opportunity to do so at the statutorily required evidentiary hearing. Accordingly, it is hereby

ORDERED that Navy FCU's Motion to Dismiss the Complaint (Dkt. No. 8) is GRANTED IN PART insofar as Smith requested a reduction in the mortgage's interest rate to 0%. The motion is DENIED IN PART because Smith has otherwise adequately pled a valid claim for relief—a stay of his mortgage payments—under the SCRA § 591. It is also

ORDERED that Plaintiff shall notice the required evidentiary hearing within sixty days.

December 16, 2014
Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge